**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

KULWANT SINGH,                          )
                                        )
            Petitioner,                 )
                                        )
v.                                      )        Case No. CIV-26-55-J
                                        )
SCARLET GRANT, et al.,                  )
                                        )
            Respondents.                )

## ORDER

Petitioner Kulwant Singh, a citizen of India, filed a Petition for Writ of Habeas Corpus (Petition) [Doc. No. 1] pursuant to 28 U.S.C. § 2241.  The matter was referred to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 636(b)(1)(B),(C).  Judge Mitchell issued a Report and Recommendation recommending that the Court: (1) grant in part Petitioner's habeas application; (2) order Petitioner's immediate release; and (3) order Respondents to certify compliance by filing a status report within ten business days of the Court's order.  *See* [Doc. Nos. 15 and 18].[1]  Respondents filed a timely objection [Doc. No. 16][2], triggering de novo review, *see Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

Petitioner, a citizen of India, entered the United States on November 27, 2021.  Petitioner applied for asylum on February 3, 2022, and his removal proceedings remain pending.  On December 17, 2025, United States Immigration and Customs Enforcement (ICE) apprehended Petitioner during a routine commercial truck inspection.  As set forth in the Report and

---

[1] On March 27, 2026, Judge Mitchell issued a Nunc Pro Tunc Report and Recommendation.

[2] In their objection, Respondents correctly assert that the Report and Recommendation attributes to Respondents arguments they did not advance in their response to the Petition.  The Court has considered the Petition, Respondents' Response in Opposition to Petition for Writ of Habeas Corpus [Doc. No. 12], the Report and Recommendation, and Respondents' Objection to the Report and Recommendation in making its determination.

Recommendation, Petitioner has been held without bond because Immigration Judges are constrained by the Board of Immigration Appeals' decision in relying on *Matter of Q. Li*, 29 I & N Dec. 66, 69 (BIA 2025), which holds that those who entered the country without admission or parole are ineligible for a bond hearing and are detained under 8 U.S.C. § 1225(b)(2)(A). Petitioner remains detained at the Cimarron Correctional Facility in Cushing, Oklahoma.

Respondents object to Judge Mitchell's conclusion that 8 U.S.C. § 1226(a) applies to Petitioner's detention and not 8 U.S.C. § 1225(b)(2)(A), as asserted by Respondents.[3] This issue is significant because § 1225(b)(2)(A) provides for mandatory detention, but § 1226(a) provides for conditional parole or release on bond pending a decision in the removal proceedings. Three appellate courts have weighed in on this issue. The Seventh Circuit rejected the statutory interpretation of § 1225(b)(2) relied on by Respondents. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061-62 (7th Cir. 2025). In contrast, the Fifth and Eighth Circuits have applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026).

Additionally, the weight of authority in this district and other district courts in Oklahoma coincides with the Seventh Circuit's analysis. *See Coreas v. Noem*, CIV-26-151-J, 2026 WL 541151 (W.D. Okla. Feb. 26, 2026); *Perez v. Grant*, CIV-25-1560-R, 2026 WL 315065, at *2-3 (W.D. Okla. Feb. 5, 2026); *Ramirez Rojas v. Noem*, CIV-25-1236-HE, 2026 WL 94641, at *1-2 (W.D. Okla. Jan. 13, 2026); *Morocho v. Kelly*, CIV-25-1247-R, 2026 WL 36452, at *3 (W.D. Okla. Jan. 6, 2026); *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *2-3 (W.D. Okla. Jan. 2, 2026); *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *2-5 (W.D. Okla. Dec. 16,

---

[3] Respondents acknowledge in their objection that District Judges of this Court have taken a position on this issue contrary to the position they are advancing in their objection.

2025); *Leonardo G.Z. v. Noem*, No. 25-CV-0600-SHE-MTS, 2025 WL 3755590, at *8-11 (N.D. Okla. Dec. 29, 2025).[4]  This Court agrees with the Seventh Circuit's reasoning, the majority of the other courts in this district, the overwhelming number of other courts that recently addressed this question, and this Court's prior rulings that "based on § 1225(b)(2)(A)'s plain language, the Court concludes that the section only applies when a noncitizen 'applicant for admission' is actively 'seeking admission' into the United States."  *Diaz v. Holt*, Case No. CIV-25-1179-J, 2025 WL 3296310, at *3 (W.D. Okla. Nov. 26, 2025).

Respondents also object to Judge Mitchell's recommendation that the Court order Petitioner's immediate release.  Respondents assert that if relief is granted in this case, the relief should be limited to an order directing a bond hearing.  Pursuant to § 1226(a), a noncitizen may be arrested and detained pending a decision on whether he is to be removed from the United States and pending the decision, the noncitizen may continue to be detained or  may be released on bond or conditional parole.  *See* 8 U.S.C. § 1226(a).  Because the Court does not have sufficient evidence before it to determine whether Petitioner should be immediately released, the Court concludes that Respondents should be ordered to provide Petitioner with a bond/conditional parole hearing pursuant to § 1226(a).

Accordingly, the Court ADOPTS IN PART the Report and Recommendation [Doc. Nos. 15 and 18] on de novo review and GRANTS IN PART Petitioner's Petition.  The Court, therefore, ORDERS Respondents to provide Petitioner with a bond/conditional parole hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order, or otherwise release Petitioner if he has not received the hearing within that period.  The Court further ORDERS Respondents to certify compliance by filing a status report within ten (10) days of the date of this Order.

---

[4] The Court recognizes that two Judges in this district have concluded that noncitizens like Petitioner fall under § 1225(b)(2)(A).

A separate judgment will enter.

IT IS SO ORDERED this 3rd day of April, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE